UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY C. DENNIS,

     Petitioner,                                   Case No. 13-12596

v.

                                             HON. AVERN COHN

MARY K. BERGHUIS,

     Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION IN
ABEYANCE (Doc. 4)
AND IMPOSING TIME LIMITS AS A CONDITION OF THE STAY
AND ADMINISTRATIVELY CLOSING THE CASE**

**I.  Introduction**

This is a habeas case under 28 U.S.C. § 2254.  Corey C. Dennis, (Petitioner), is

a state inmate at the Earnest C. Brooks Correctional Facility in Muskegon Heights,

Michigan.  Petitioner has filed a *pro se* petition for a writ of habeas corpus challenging

his convictions for armed robbery, felony-firearm, fleeing end eluding, third-offense,

malicious destruction of police property, and being a fourth felony habitual offender.

Petitioner has also filed a Motion to Hold Petition For Writ of Habeas Corpus in

Abeyance (Doc. 4) so that he can return to the state courts to present additional claims

that have not been exhausted with the state courts and that are not included in his

current habeas petition.  For the reasons that follow, the motion will be granted.  The

Court will also impose time limits on Petitioner as a condition of the stay and

administratively close the case.

## II. Background

Petitioner pleaded guilty to the above offenses in the Oakland County Circuit

Court.  Petitioner's conviction was affirmed on appeal.  *People v. Dennis,* No. 308290

(Mich. Ct. App. Mar. 6, 2012); *lv. den.* 492 Mich. 867 (2012).  On June 6, 2013,

petitioner filed a petition in which he seeks habeas relief on the two claims that he

raised before the Michigan courts on his direct appeal.[1]

## III. Discussion

A federal district court has authority to abate or dismiss a federal habeas action

pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F.

3d 491, 493 (5th Cir. 1998).  However, to stay federal proceedings and hold a habeas

petition in abeyance pending resolution of state court proceedings, there must be

exceptional or unusual circumstances.  *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D.

Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).  A federal

district court is authorized to stay fully exhausted federal habeas petitions pending the

exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New*

*Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts

should "take seriously any request for a stay."); *Bowling v. Haeberline,* 246 F. App'x

303, 306 (6th Cir. 2007)(A habeas court is entitled to delay a decision in a habeas

petition that contains only exhausted claims "when considerations of comity and judicial

economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83).

---

[1]  Under the prison mailbox rule, this court will assume that petitioner actually filed his habeas petition on June 6, 2013, the date that it was signed and dated.  *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

Petitioner is entitled to a stay while he returns to the state courts to exhaust these additional claims. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The Supreme Court has suggested that a petitioner who is concerned about the possible effects of his state post-conviction filings on the statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of

state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, Petitioner must present his claims in state court within sixty days from the date of this Order. *See Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002). Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

The Michigan Court Rules provide a process through which petitioner may raise his unexhausted claims. Petitioner can file a post-conviction motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.* See *Wagner,* 581 F. 3d at 419. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). To obtain relief, petitioner will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3).

### IV. Conclusion

Accordingly, Petitioner's motion for say is GRANTED. The Court also imposes

the following requirements as a condition for the stay:  (1) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.  Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, Clerk of Court shall CLOSE this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case.

SO ORDERED.


        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE


Dated:  June 19, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 19, 2013, by electronic and/or ordinary mail.


        S/Sakne Chami
        Case Manager, (313) 234-5160

5